UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIMARE FRESH, INC.,** | CIV-F-06-1265 AWI SMS |
| Plaintiff, | ORDER RE: TEMPORARY RESTRAINING ORDER |
| v. | |
| **SUN PACIFIC MARKETING COOPERATIVE, INC.,** | |
| Defendant. | |

Plaintiff DiMare Fresh, Inc. has filed an application for a temporary restraining order forcing Defendant Sun Pacific Marketing Cooperative, Inc. to honor a contract to sell DiMare a set quantity of tomatoes at a set price. Doc. 6. DiMare requests the restraining order be granted pursuant to Fed. R. Civ. Proc. 65(b) without notice to Sun Pacific.

**I. History**

On June 5, 2006, DiMare contracted to buy a set quantity of tomatoes at a set price every week from July 17, 2006 through October 31, 2006. The contract specified that "In the event of a product shortage caused by an Act of God, Natural disaster or other incident that could not be foreseen and is beyond the control of Sun Pacific, then performance under this contract shall be excused." On September 4, 2006, Sun Pacific notified DiMare that it was canceling performance

1

of the contract under the act of god provision due to tomato shortages caused by the July and August heat wave in Central California.  On September 12, 2006, DiMare contacted Sun Pacific outlining its objections to Sun Pacific's interpretation of the contract.  Notably, DiMare pointed out that though Sun Pacific claimed a product shortage, it was still offering tomatoes for sale generally, albeit at a price higher than set by the original contract.  On September 14, 2006, DiMare filed the present suit for contract damages and specific performance.  On the very same day, DiMare made this application for a temporary restraining order forcing Sun Pacific to sell tomatoes to DiMare in accordance with the quantity and price terms of the contract.

## II. Legal Standards

The purpose in issuing a temporary restraining order is to preserve the status quo for a short time pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  Requests for temporary restraining orders which provide notice to the adverse party are governed by the same general standards that govern issuance of a preliminary injunction. See Motor Vehicle Board of Cal. v. Orrin W. Fox, 434 U.S. 1345, 1347 n.2, (1977); Los Angeles Unified School District v. United States District Court, 650 F.2d 1004, 1008 (9th Cir. 1981); Century Time Ltd. v. Interchron, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  Pursuant to Fed. R. Civ. Proc. 65(b), a temporary restraining order without notice to the adverse party is appropriate if it also: 1) clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) includes the applicant attorney's certification as to the reasons that notice should not be required.

A preliminary injunction may issue if a moving party establishes: (1) a likelihood of success on the merits and the possibility of immediate irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips heavily in its favor. See Metro Publishing, Ltd. v. San Jose Mercury News, 987 F.2d 637, 639 (9th Cir. 1993). "These two formulations represent two points on a sliding scale in which the required degree of

irreparable harm increases as the probability of success decreases." Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  Alternatively, the traditional test requires a plaintiff to establish "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiffs if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiffs, and (4) advancement of the public interest (in certain cases)." Southwest Voter Registration Education Project v. Shelley, 344 F.3d 914, 918-9 (9th Cir. 2003), quoting Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995).  To receive temporary injunctive relief under any articulation of the relevant test, the moving party must show a "significant threat of irreparable injury, irrespective of the magnitude of the injury." Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1397 n.1 (9th Cir. 1997), quoting Big Country Foods, Inc. v. Board of Educ., 868 F.2d 1085, 1088 (9th Cir. 1989).

### III. Discussion

The only evidence Dimare presents in support of its application is the declaration of its Vice President and General Manager, Samuel Licato. Doc. 9.  DiMare alleges that cover is not possible as the tomato shipments are "irreplaceable in the marketplace, at any price, due to other growers having their entire crops 'spoken for' or contracted to other buyers." Doc. 9, Licato Declaration, at 1.  To support this assertion, DiMare lists the produce growers headquartered across the country (in California, Florida, and Texas) which they have contacted. Doc. 9, Licato Declaration, at 4.  Though there is some uncertainty regarding the allegation, DiMare suggests that on September 13, 2006, Sun Pacific said it would not sell DiMare tomatoes at any price. Doc. 9, Licato Declaration, at 5.

Notwithstanding the purported unavailability of cover, there is significant doubt that the failure to obtain tomatoes will result in irreparable injury.  Licato states, "proving up [DiMare's] damages from this breach of contract would be entirely possible, but would leave [DiMare] with lost customers due to a failure of ability to fill [DiMare's] contracts down-stream, even the possible loss of its entire business, if [the restraining order is not granted]....a supply interruption of this magnitude will have grave consequences for [DiMare's] ability to survive as an on-going

business." Doc. 9, Licato Declaration, at 5-6.  DiMare also argues "harm to good will and reputation of a business due to a company's inability to acquire produce on an emergency basis." Doc. 8, Brief, at 4:23-24.  At base, DiMare asserts that loss of reputation for reliability, loss of customers and revenue from the resale of the contracted for tomatoes, and risk of bankruptcy are irreparable injuries.

With reputation, the very case DiMare cites to in support of its argument says, "irreparable harm to good will and reputation must be demonstrated, not merely alleged" and loss of customers "does not amount to a showing that [movant] is threatened with irreparable damage to its reputation or good will." Bell Atl. Business Sys. v. Storage Technology Corp., 1994 U.S. Dist. LEXIS 4471, *7-8 (N.D. Cal. 1994).  General statements about loss of goodwill are of no value without the firm support of facts. Ave. Media, N.V. v. Directrevenue, LLC, 2004 U.S. Dist. LEXIS 28513, *12 (W.D. Wash. 2004).  With only Licato's declaration, there is insufficient evidence to find a loss of reputation.

DiMare claims it is losing customers as it can not resell the contracted for tomatoes.  The revenue lost from these foregone sales is readily calculable as monetary damages.  "Although a loss of customers and a resulting loss in revenue surely make it more difficult to compete, they do not amount to irreparable harm because such injuries are measurable and thus have an adequate remedy at law." Bell Atl. Business Sys. v. Storage Technology Corp., 1994 U.S. Dist. LEXIS 4471, *9 (N.D. Cal. 1994).  "The ability to compute monetary damages establishes that the harm that [movant] would suffer is not irreparable in nature." Temco, Inc. v. National Center For Health Educ., 1991 U.S. Dist. LEXIS 10899, *14 (D. Kan. 1991).

Loss of revenue does not constitute irreparable harm unless the loss is so great as to threaten the existence of an ongoing business concern. See American Passage Media Corp. v. Cass Communications, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985); Metromedia Broadcasting Corp. v. MGM/UA Entertainment Co., 611 F. Supp. 415, 426 (C.D. Cal. 1985).  Here, DiMare has provided insufficient proof as the only evidence presented is the declaration of a DiMare employee.  He states that "25-40% of [Dimare's] business for tomatoes" has been interrupted and says "experience has shown that a supply interruption of this magnitude will have grave

consequences for [Dimare's] ability to survive as an on-going business." Doc. 9, Licato Declaration, at 3 and 6.  Substantively, there is doubt that the loss is great enough to cause bankruptcy.  In the very case cited by DiMare regarding this issue, the court noted that a permanent 20% loss of total revenue would not be the end of the business in question. Temco, Inc. v. National Center For Health Educ., 1991 U.S. Dist. LEXIS 10899, *14-*15 (D. Kan. 1991).  Dimare has not stated what percentage of its total revenues (as opposed to percentage of tomato business) would be impacted.  Further, how a temporary disruption of seven weeks would be fatal to the company is neither documented nor explained.

Conclusory statements by an officer of the moving party are of limited probative value. Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985), citing American Passage Media Corp. v. Cass Communications, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985).  More than simple recitation of the threat, DiMare must present specific "credible and admissible evidence that such damage threatens [its] businesses with termination." Dotster, Inc. v. Internet Corp., 296 F. Supp. 2d 1159, 1164 (C.D. Cal. 2003).  Some courts have gone so far as to say "a preliminary injunction should not issue on the basis of affidavits alone." Atari Games Corp. v. Nintendo of America, Inc., 897 F.2d 1572, 1575 (Fed. Cir. 1990), citing  People ex rel. Hartigan v. Peters, 871 F.2d 1336 (7th Cir. 1989); Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp., 443 F.2d 867 (2nd Cir. 1971).

As DiMare has not met its burden of showing irreparable injury, a temporary restraining order is not warranted.

## IV. Order

DiMare's application for a temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:     September 19, 2006**             **/s/ Anthony W. Ishii**
0m8i78                                          UNITED STATES DISTRICT JUDGE